# United States Court of Appeals
## For the First Circuit

No. 20-1188

UNITED STATES OF AMERICA,

Appellee,

v.

NELSON ALEXANDER FUENTES-LOPEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph Laplante, U.S. District Judge]

Before

Lynch, Selya, and Kayatta,
Circuit Judges.

Christine DeMaso, Assistant Federal Public Defender, for appellant.
Seth R. Aframe, Assistant United States Attorney, with whom Scott W. Murray, United States Attorney, was on brief, for appellee.

April 12, 2021

**SELYA**, **Circuit Judge**. Defendant-appellant Nelson Alexander Fuentes-Lopez was convicted, after a jury trial, on a charge of unlawful reentry into the United States. See 8 U.S.C. § 1326(a). On appeal, he mounts two claims of error. Both claims draw a bead on the government's introduction into evidence, under the aegis of Federal Rule of Evidence 803(8), of a particular document — a so-called I-296 form. His first claim of error posits that the document failed to satisfy the "trustworthiness" requirement of the rule. His second claim of error posits that the document, even if duly admitted, was insufficient to prove the "previously removed" element of the statute of conviction, see id. § 1326(a)(1), so his motion for judgment of acquittal should have been granted. Concluding, as we do, that both claims of error are wide of the mark, we affirm.

## I. BACKGROUND

We briefly rehearse the relevant facts. On May 13, 2019, the appellant was a passenger in a car stopped by a New Hampshire state trooper. None of the three men in the car had a driver's license, but all of them carried Guatemalan identification cards. The trooper proceeded to call Immigration and Customs Enforcement (ICE) and transported all of the men to a nearby police station. Federal authorities thereafter charged the appellant with illegal reentry into the United States — a crime committed when an alien, after having been deported, is then found in the United States

without permission.  See id. § 1326(a); see also United States v. García, 452 F.3d 36, 43 (1st Cir. 2006).

The appellant maintained his innocence and, at trial, the government sought to introduce into evidence, under the public records exception to the hearsay rule, an I-296 form purportedly signed by the appellant.  See Fed. R. Evid. 803(8).  The government presented a number of witnesses in an effort to show that the I-296 form satisfied the admissibility requirements of Rule 803(8).  We summarize the relevant aspects of that testimony.

Outside the presence of the jury, an immigration officer, Ivan Gonzalez, explained the significance of the I-296 form.  Specifically, Gonzalez testified that the form has two purposes:  to notify the alien that he is being ordered removed from the United States and to verify the alien's removal.  The form itself makes it apparent that the top half notifies the alien of the order for his removal and the bottom half verifies the removal itself.  Gonzalez also testified that the signature of the ICE officer on the bottom half of the form indicates that the officer verified the alien's removal.[1]

In front of the jury, the government presented the testimony of David Sanchez, a Customs and Border Protection (CBP)

_____

[1] In this instance, the bottom half of the I-296 form was signed by Agent Sotero Cepeda.  It is undisputed that, at the time of trial, Cepeda was in a coma and unavailable to appear as a witness.

- 3 -

agent, whose job responsibilities included completing paperwork for aliens about to be deported. He testified that he routinely completes the top half of I-296 forms and that he completed and signed the top half of the appellant's I-296 form. He further testified that the appellant's I-296 form bore an "A-File number" — an individualized file number that the government assigns to an alien at the beginning of the removal process.

Another witness, Michael Joseph Spaniol, worked as a records and information management specialist for the United States Citizenship and Immigration Services. Elaborating on the meaning of the A-File number, Spaniol testified that such a file is meant to record all of an alien's interactions with certain government organizations, including ICE, CBP, and the investigative arm of the Department of Homeland Security. As the records custodian, he reviewed the appellant's I-296 form and certified that it was in the appellant's A-File.[2]

When the government sought to admit the appellant's I-296 form into evidence, he objected. The appellant argued that the form was untrustworthy because the "individual who created this document" — a reference to Agent Cepeda, see supra note 1 — "has some issues with credibility and dishonesty." The district

---

[2] Outside the jury's presence, Spaniol testified that I-296 forms are included in A-File records in the regular course of business.

- 4 -

court overruled the objection, holding that the government had satisfied the requirements of the public records exception.

At the close of all the evidence, the appellant moved for judgment of acquittal. <u>See</u> Fed. R. Crim. P. 29(a). The district court reserved decision on this motion. After the jury returned a guilty verdict, the district court denied the appellant's Rule 29 motion and sentenced him to time served. This timely appeal followed.

## II. ANALYSIS

As said, the appellant advances two claims of error. We address them sequentially.

### A. <u>Admissibility of the Evidence</u>.

Rule 803(8) delineates an exception to the bar on hearsay evidence for:

> Public Records. A record or statement of a public office if: **(A)** it sets out: **(i)** the office's activities; **(ii)** a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or **(iii)** in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and **(B)** the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8). In this venue, the appellant challenges the admission of the I-296 form on the ground that he made the requisite showing of a lack of trustworthiness.

- 5 -

Our standard of review is familiar. When a claim of error is properly preserved in the district court, we review a district court's admission or exclusion of evidence for abuse of discretion. See United States v. Rodríguez-Vélez, 597 F.3d 32, 40 (1st Cir. 2010). Under this standard, "we may overturn a challenged evidentiary ruling only if it plainly appears that the court committed an error of law or a clear mistake of judgment." Daumont-Colón v. Cooperativa de Ahorro y Crédito de Caguas, 982 F.3d 20, 27 (1st Cir. 2020) (quoting Torres-Arroyo v. Rullán, 436 F.3d 1, 7 (1st Cir. 2006)). Unpreserved claims of error are reviewed only for plain error. See United States v. Gordon, 875 F.3d 26, 30 (1st Cir. 2017).

The main thrust of the appellant's argument is that Agent Cepeda (the agent whose signature verified the appellant's removal) should be regarded as untrustworthy. In support, the appellant notes that Cepeda was charged, in 2001, with the crimes of forgery and theft. Given that the appellant raised this objection below, we review the district court's overruling of it for abuse of discretion.

The appellant does not argue that Cepeda was convicted of forgery, theft, or any other crime — only that he was charged with forgery and theft. But those charges, he concedes, were either rejected by the prosecutor or dismissed. That fact is of great consequence: merely showing that Cepeda was arrested and

charged is not sufficiently probative of untrustworthiness as to warrant disregard of a record verified by Cepeda. As the Supreme Court has stated, "[a]rrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty." Michelson v. United States, 335 U.S. 469, 482 (1948); see Cheek v. Bates, 615 F.2d 559, 563 (1st Cir. 1980) (explaining that "mere arrest without a conviction would be clearly inadmissible to show general lack of credibility"). It follows that the district court's rejection of the appellant's argument was well within the compass of its discretion.

The appellant has a fallback position. He argues for the first time on appeal that the I-296 form was untrustworthy because the government failed to show what procedures Cepeda normally followed when completing such forms and whether Cepeda followed his modus operandi with respect to the appellant's I-296 form. Because this objection was not raised below, our review is for plain error. See Gordon, 875 F.3d at 30.

As we have noted, "[t]he plain error hurdle is high." United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989). "To prevail on plain error review, the defendant must show: '(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public

reputation of judicial proceedings.'" Gordon, 875 F.3d at 30 (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)). Moreover, the party claiming plain error must carry the devoir of persuasion on all four elements of the standard. See id.

Here, the appellant's claim of error stumbles over the first two steps of the plain error formulation (which we treat in tandem). The appellant frames this claim of error solely as a claim directed to Rule 803(8)'s trustworthiness requirement; he does not contend that the form failed to satisfy any of the other requirements of Rule 803(8). Like the district court, we therefore take the form to be a public record — a status that endows it with presumptive reliability. See Fed. R. Evid. 803(8) advisory committee's note to 2014 amendment (explaining that "[p]ublic records have justifiably carried a presumption of reliability"). So, too, because the appellant does not gainsay that the I-296 form satisfies the other requirements of the exception, that is, that it is a public record prepared by a public office, which sets out information as specified in the rule, the burden shifts to the appellant "to show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(B); see Robbins v. Whelan, 653 F.2d 47, 50-51 (1st Cir. 1981).

The appellant has not carried this burden. His argument boils down to a plaint that the district court lacked adequate

information about the procedures surrounding the creation of the I-296 form.  But this plaint puts the burden in the wrong place. Rule 803(8) is a pathway to admissibility, anchored in the concept that public officials will perform their responsibilities appropriately.  See Fed. R. Evid. 803(8) advisory committee's note to 1972 proposed rules (explaining that part of the "[j]ustification for the exception is the assumption that a public official will perform his duty properly"); Zeus Enters., Inc. v. Alphin Aircraft, Inc., 190 F.3d 238, 241 (4th Cir. 1999).  The party challenging the admissibility of a public record that is relevant and that conforms to the requirements of Rule 803(8)(A) can challenge its admission only by making an affirmative showing that the record is untrustworthy under Rule 803(8)(B).  See United States v. Versaint, 849 F.2d 827, 832 (3d Cir. 1988).  Under this standard, a paucity of evidence concerning the extent to which creating the form was a routine procedure cannot, by itself, constitute such an affirmative showing.  See Crawford v. ITW Food Equip. Grp., LLC, 977 F.3d 1331, 1348-49 (11th Cir. 2020).  In other words, to show untrustworthiness, the appellant cannot simply identify a lack of proof regarding the circumstances surrounding the creation of the form but, rather, must show that something specific, resulting from those circumstances, adversely affected the trustworthiness of the form.  See Zeus Enters., Inc., 190 F.3d at 241; Versaint, 849 F.2d at 832.

This holding effectuates the core purpose of Rule 803(8). If we were to find that, even absent any tangible indicia of unreliability, a mere lack of evidence about the procedures leading to the creation of a public record rendered the record untrustworthy under Rule 803(8)(B), we would eviscerate the presumptive reliability traditionally accorded to public records under Rule 803(8)(A). Moreover, we do not agree that the record in this case reflects a paucity of information about the normal procedures that surround an I-296 form: Ivan Gonzalez's testimony went to the selfsame topic. Given his failure to make an affirmative showing of untrustworthiness, we conclude that the appellant has failed to demonstrate that the district court committed error — much less plain error — in admitting the I-296 form into evidence.

## B. **<u>Sufficiency of the Evidence</u>**.

This brings us to the appellant's assertion that his motion for judgment of acquittal should have been granted for lack of sufficient evidence. His challenge rests on a claim that the government failed to prove an element of the offense, namely, that he had previously been removed from the United States. <u>See</u> 8 U.S.C. § 1326(a)(1).

We review the sufficiency of the evidence de novo. <u>See</u> <u>United States</u> v. <u>Sabean</u>, 885 F.3d 27, 46 (1st Cir. 2018). In that process, we take the evidence in the light most favorable to the

government, draw all reasonable inferences to its behoof, and ask whether a rational jury could find that the government proved all the elements of the offense beyond a reasonable doubt.  See id. "To uphold a conviction, the court need not believe that no verdict other than a guilty verdict could sensibly be reached, but must only satisfy itself that the guilty verdict finds support in a plausible rendition of the record."  Id. (internal quotation marks omitted) (quoting United States v. Williams, 717 F.3d 35, 38 (1st Cir. 2013)).

At trial, the government introduced the appellant's I-296 form to prove his prior removal.  The bottom half of this form is headed "Verification of Removal" in bold font.  This portion of the form also contains a photograph of the appellant, his signature, and his fingerprint.  Similarly, the signature of the verifying officer (Agent Cepeda) appears as part of the Verification of Removal, immediately below what is listed as the appellant's date of departure, port of departure, and manner of departure.

Because the district court acted within its discretion in admitting this form into evidence as a public record under Rule 803(8), see supra Part II(A), the form serves as proof of the truth of the matters that it asserts.  See United States v. Phoeun Lang, 672 F.3d 17, 23 (1st Cir. 2012); Yongo v. INS, 355 F.3d 27, 31 (1st Cir. 2004).  The form, fairly read, asserts that the appellant

- 11 -

was removed from the United States on a particular date (July 18, 2014), from a particular place (Brownsville, Texas), and in a particular manner (by airplane). Seen in this light, the government's proof of the "previously removed" element of the offense was sufficient to ground the conviction.

In an effort to blunt the force of this reasoning, the appellant argues that the government never adduced evidence to explain what Agent Cepeda was actually verifying. But as we already have noted, the bottom half of the form is entitled "Verification of Removal" and lists the date of departure, port of departure, and manner of departure. It also contains the appellant's photograph, signature, and fingerprint. In addition, the top half of the form is entitled "Notice to Alien Ordered Removed/Departure Verification" and lists the appellant's A-File number.

Criminal juries are permitted to draw reasonable, commonsense inferences from the facts in evidence. See United States v. Acosta-Colón, 741 F.3d 179, 197-98 (1st Cir. 2013); United States v. Echeverri, 982 F.2d 675, 679 (1st Cir. 1993). From the facts described above, it is a reasonable, commonsense inference that what the bottom half of the I-296 form was verifying was the appellant's removal from the United States on July 18, 2014. No more was exigible to prove the "previously removed" element of the offense of conviction.

The appellant resists this conclusion. He says that it requires "impermissible inference stacking." United States v. Guzman-Ortiz, 975 F.3d 43, 55 (1st Cir. 2020) (refusing to credit stacked inferences when reviewing district court's disposition of motion for judgment of acquittal). Specifically, he identifies four examples of what he calumnizes as "inference-stacking." We address each example in turn.

First, the appellant claims that the government's argument requires the added inference that the I-296 form is a normal incident of the removal process. That claim is simply wrong: the I-296 form is proof of the matters that it asserts, whether or not the form is a normal incident of the removal process. See García, 452 F.3d at 41-42 (accepting warrant of deportation as evidence of removal without regard to whether it formed a normal part of the removal process).

Second, the appellant claims that the government's argument requires the added inference that Agent Cepeda's signature indicates that he personally witnessed the appellant's deportation. This claim fails because the government had no obligation to adduce eye-witness evidence in order to prove prior removal. See United States v. Floyd, 740 F.3d 22, 28 (1st Cir. 2014) (explaining that "circumstantial evidence alone" may be sufficient to support criminal conviction). In addition, the claim also fails as a back-door attempt to reject the district court's

unchallenged Rule 803(A)(ii) finding that the document "set[] out . . . a matter observed" by a public official.

Third, the appellant claims that the government's argument requires the added inference that words on the form have particular meanings. But words mean what they mean in particular contexts, and no additional inference is required to give a word its reasonable, commonsense meaning. See United States v. Ridolfi, 768 F.3d 57, 61 (1st Cir. 2014) (stating that jury may properly reach guilty verdict by drawing "reasonable, common sense inferences" from the evidence). Were the law otherwise, even the most straightforward of inferences — say, an inference that a defendant who cried "Die!" when he pointed his gun at the complainant intended to kill the complainant — would run afoul of the prohibition against inference-stacking.

Fourth, and finally, the appellant claims that the government's argument requires the added inference that the person signing the form (here, Agent Cepeda) followed regular procedures (including procedures obliging him to verify that the appellant was removed). This claim, if upheld, would sap the strength of the public records exception to the hearsay bar. Moreover, it flies in the teeth of García, in which we held that a warrant of deportation was evidence of removal without regard to the absence of any evidence that the officer signing the warrant had followed regular procedure. 452 F.3d at 43-44.

- 14 -

That ends this aspect of the matter. We hold that —
taking the evidence in the light most favorable to the government
and drawing all reasonable inferences in its favor — the record
adequately supports a finding that the appellant was previously
removed. It follows that the district court did not err in denying
the appellant's motion for judgment of acquittal.

## III. CONCLUSION

We need go no further. For the reasons elucidated above,
the judgment is

**Affirmed**.